GRIFFIN v. ARMSTED et al.

(Supreme Court, Special Term, Steuben County.   March, 1913.)

1. ACTION (§ 45*)—JOINDER OF CAUSES—FORECLOSURE OF CHATTEL MORTGAGES.
   An action to foreclose several chattel mortgages is a proper proceeding.
   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–448; Dec. Dig. § 45.*]

2. CHATTEL MORTGAGES (§ 277*)—FORECLOSURE—COMPLAINT—SHOWING INTEREST.
   The complaint of G. to foreclose chattel mortgages, some of them given to L. and others assigned to L., not showing an assignment from L. to plaintiff, or that L. was a fictitious name under which plaintiff was doing business, or how plaintiff got title, is bad.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 564–566; Dec. Dig. § 277.*]

Action by John Griffin against Charles H. Armsted and others. Defendant Armsted demurs to the complaint.   Demurrer sustained.

John Griffin, of Hornell, in pro. per.
Floyd E. Whiteman, of Hornell, for defendant Armsted.

CLARK, J.   This action is brought to foreclose three chattel mortgages, and defendant Charles H. Armsted demurs to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action as to said defendant, and that it appears upon the face of said complaint that plaintiff has no legal capacity to sue, for the reason that if any cause of action exists against said defendant it is 'in favor of one F. Laird, and not in favor of the plaintiff, and that it does not appear upon the face of the complaint that any cause of action set forth therein has been assigned by the said Laird to this plaintiff. Said defendant also demurs upon the ground that causes of action have been improperly united in the complaint.

[1] I do not think the last ground of demurrer can be sustained. An action to foreclose several chattel mortgages is a perfectly proper proceeding, and all parties interested in the property should be made parties to the action.   Herman on Chattel Mortgages, 500, 501.

[2] Three chattel mortgages are sought to be foreclosed in this action.   The first two were assigned to F. Laird, and the third mortgage was given to F. Laird, and it nowhere appears who this F. Laird is, or that he is a fictitious person, nor how title in the chattel mortgages happened to be transferred from Laird to this plaintiff.

Plaintiff undertakes to explain this transaction by the statement that the chattel mortgages were assigned to him in the name of F. Laird, but that statement is somewhat inconsistent with the statements in the chattel mortgage renewals attached to the complaint, which purport to be signed F. Laird by J. G., meaning John Griffin, this plaintiff.   If the chattel mortgages Exhibits A and B were assigned to plaintiff and the chattel mortgage Exhibit C was made to plaintiff, but in each instance in the name of F. Laird, as stated in the complaint, it is singu-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lar that in the renewals that the name of F. Laird should be signed by J. G., meaning John Griffin, this plaintiff. That would import that John Griffin was the agent for one F. Laird, whereas if F. Laird was simply a figurehead, and John Griffin was all the time the party in interest, there was no need of signing the renewals' by this plaintiff as agent for a person who did not exist.

If the first two chattel mortgages were actually assigned to plaintiff, and the third was given to him, no reason appears why the name of Laird should have been used in the transaction. If, however, they were actually given to a man named Laird, then something should have been stated in the complaint showing an assignment from Laird to this plaintiff; and, if plaintiff was doing business under a fictitious name, it seems that it should have been pleaded—that the assignments of Exhibits A and B and the mortgage Exhibit C were made to plaintiff doing business under the name of F. Laird.

I think the demurrer should be sustained on the grounds stated in the first and second clauses thereof, but with leave to plaintiff to plead over within 20 days, on payment of costs.

Ordered accordingly.